## SIMLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 11, 1927.)

No. 3522.

Criminal law ⊕1036(1), 1054(1)—Admitting pleading involving other defendants, as contradiction of one, held not erroneous, in absence of showing of objection, exception, or prejudice resulting.

Admitting, in order to contradict one defendant, an answer in bill in equity against brewing company, in which other defendants were also involved, *held* not erroneous, in absence of showing of objection made thereto, or any exception, or that prejudice resulted therefrom.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

J. L. Simler and others were convicted of violation of the prohibition law, and they bring error. Affirmed.

Edward G. Coll and Ira Hurwick, both of Pittsburgh, Pa., for plaintiffs in error.

John D. Meyer, U. S. Atty., and Joseph A. Richardson, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. These writs of error, sued out by J. L. Simler, C. W. Hardison, Herman Widman, and J. E. Hunter, are taken in the same case as that of Daniel J. Shields (No. 3512) 17 F.(2d) 66. The principal assignments of error raised by them all we have considered, and found without warrant, in an opinion this day filed in the Shields Case.

It remains to consider two additional questions. Amongst other defendants tried at the same time with Simler was one Gastman, who testified as to his business activities during the period covered by the indictment, and that he was not connected with certain brewing operations. To contradict him, and show his connection with the brewing business, an answer in a bill in equity against a brewing company, in which he, Simler, and Widman were also defendants, was shown to Gastman. He admitted his signature, and the paper was received in evidence to contradict him. In doing so, the court expressly told the jury that the paper was received solely to affect Gastman's credibility, and did not affect Simler and Widman, and we have been unable, in the form the record comes before us, to find that any such objection as is now made by Simler and Widman was then made

to the court, that any exception was then taken, or that the contents of the paper was prejudicial to Simler and Widman.

Finding the assignments of error are not sustained, the judgment below is affirmed.